Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Rd, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
FREDY AREVALO IRAHETA and MARIANO GAITAN ZALAYA, individually and on behalf of all others similarly situated,

                    Plaintiff,

      -against-

IL BACCO RISTORANTE, INC., and JOSEPH OPPEDISANO, as an individual,

                    Defendants.
------------------------------------------------------------------X

**CLASS/COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiffs, **FREDY AREVALO IRAHETA** and **MARIANO GAITAN ZALAYA, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **FREDY AREVALO IRAHETA** and **MARIANO GAITAN ZALAYA, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **IL BACCO RISTORANTE, INC., AND JOSEPH OPPEDISANO, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at IL BACCO RISTORANTE, INC., located at 253-24 Northern Boulevard, Little Neck, NY 11362.

1

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff FREDY AREVALO IRAHETA residing at 251-20 Northern Blvd., Little Neck 11362, was employed by the Defendant at IL BACCO RISTORANTE, INC., from in or around July 2007 until in or around August 2020.
9. Plaintiff MARIANO GAITAN ZALAYA residing at 144-45 35th Avenue, Queens, NY 11354, was employed by the Defendant at IL BACCO RISTORANTE, INC., from in or around July 2020 until in or around August 2020.
10. Defendant, IL BACCO RISTORANTE, INC., is a corporation organized under the laws of New York with a principal executive office at 253-24 Northern Boulevard, Little Neck, NY 11362.
11. Defendant, IL BACCO RISTORANTE, INC. is a corporation authorized to do business under the laws of New York.

12. Upon information and belief, Defendant JOSEPH OPPEDISANO owns and operates IL BACCO RISTORANTE, INC.

13. Defendant JOSEPH OPPEDISANO is an agent of IL BACCO RISTORANTE, INC.

14. Upon information and belief, Defendant JOSEPH OPPEDISANO has power over personnel decisions at IL BACCO RISTORANTE, INC.

15. Upon information and belief, Defendant JOSEPH OPPEDISANO has power over payroll decisions at IL BACCO RISTORANTE, INC.

16. Defendant JOSEPH OPPEDISANO has the power to hire and fire employees at IL BACCO RISTORANTE, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

17. During all relevant times herein, Defendant JOSEPH OPPEDISANO was Plaintiffs' employer within the meaning of the FLSA and NYLL.

18. On information and belief, IL BACCO RISTORANTE, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

19. Plaintiff FREDY AREVALO IRAHETA was employed by the Defendant at IL BACCO RISTORANTE, INC., from in or around January 2007 until in or around August 2020.

20. As this complaint is being filed in December 2020, the relevant statutory period is from in or around December 2014 until in or around August 2020.

21. During Plaintiff FREDY AREVALO IRAHETA'S employment by Defendants at IL BACCO RISTORANTE, INC., Plaintiff's primary duties were as a food preparer, cook, waiter and performing other miscellaneous duties from in or around December 2014 until in or around August 2020.

22. Plaintiff FREDY AREVALO IRAHETA was paid by Defendants:

1. Approximately $700.00 per week from in or around December 2014 until in or around December 2015;
2. Approximately $800.00 per week from in or around January 2016 until in or around December 2018;
3. Approximately $900.00 per week from in or around January 2019 until in or around December 2019;
4. Approximately $600.00 per week from in or around January 2020 until in or around August 2020;

23. Plaintiff FREDY AREVALO IRAHETA worked approximately sixty-six (66) or more hours per week at from in or around December 2014 until in or around August 2020.

24. Although Plaintiff FREDY AREVALO IRAHETA worked approximately sixty-six (66) or more hours per week during his employment by Defendants IL BACCO RISTORANTE, INC., Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

25. Furthermore, Plaintiff FREDY AREVALO IRAHETA worked approximately eleven (11) or more hours per day, six (6) days a week from in or around December 2014 until in or around August 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

26. Plaintiff MARIANO GAITAN ZALAYA was employed by the Defendant at IL BACCO RISTORANTE, INC., from in or around July 2020 until in or around August 2020.

27. During Plaintiff MARIANO GAITAN ZALAYA'S employment by Defendants at IL BACCO RISTORANTE, INC., Plaintiff's primary duties were as a cleaner, busboy, food server and performing other miscellaneous duties from in or around July 2020 until in or around August 2020.

4

28. Plaintiff MARIANO GAITAN ZALAYA informed by Defendants that he would be paid approximately $1,080.00 per week from in or around July 2020 until in or around August 2020.
29. Defendants illegally withheld pay from Plaintiff MARIANO GAITAN ZALAYA during his employment by Defendants.
30. Defendants did not compensate Plaintiff MARIANO GAITAN ZALAYA at all for any of the hours he worked for Defendants.
31. Plaintiff MARIANO GAITAN ZALAYA worked approximately seventy-two (72) or more hours per week at from in or around July 2020 until in or around August 2020.
32. Although Plaintiff MARIANO GAITAN ZALAYA worked approximately seventy-two (72) or more hours per week during his employment by Defendants IL BACCO RISTORANTE, INC. Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
33. Defendants failed to pay Plaintiff, MARIANO GAITAN ZALAYA, the legally prescribed minimum wage for his hours worked from in or around July 2020 until in or around August 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
34. Furthermore, Plaintiff MARIANO GAITAN ZALAYA worked approximately twelve (12) or more hours per day, six (6) days a week from in or around July 2020 until in or around August 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.
35. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
36. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

37. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.
38. Plaintiffs bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

## COLLECTIVE ACTION ALLEGATIONS

39. Collective Class: All persons who are or have been employed by the Defendants as food preparers, cooks, waiters, busboys, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.
40. Upon information and belief, Defendants employed at least 50 employees within the relevant time period who were subjected to similar payment structures.
41. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
42. Upon information and belief, Defendants failed to pay Plaintiffs and the Collective Class the legally prescribed minimum wage.
43. Defendants' unlawful conduct has been widespread, repeated, and consistent.
44. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.
45. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
46. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former

6

employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

47. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
48. The claim of Plaintiffs is typical of the claims of the putative class.
49. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## **FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

51. Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Second Cause of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

    All food preparers, cooks, waiters, busboys, who are currently or have been employed by the Defendants at IL BACCO RISTORANTE, INC. and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

52. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and
7

facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 50 members of the New York Class during the New York Class Period.

53. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

    b. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

    c. Whether the Defendants unlawfully failed to pay minimum wage compensation in violation of and within the meaning of the NYLL;

    d. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

    e. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

    f. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

    g. Whether Defendants should be enjoined from such violations in the future.

54. The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

55. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and

burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

56. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

57. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

58. Plaintiff's claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

59. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

60. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

61. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

62. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). 41. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

63. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5)

times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

64. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

65. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

66. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

67. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

68. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

69. Due to Defendants' New York Labor Law violations, Plaintiff are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

72. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

73. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

74. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

75. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

76. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.

77. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
**Minimum Wages Under New York Labor Law**

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

80. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

81. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

82. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

83. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

### FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

84. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

85. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et. seq.; 12 N.Y.C. R. R. § 142-2.4.

86. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### SIXTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

87. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

88. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

89. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

90. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### SEVENTH CAUSE OF ACTION
**Unpaid Wages Under The New York Labor Law**

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

92. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

93. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

94. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

### EIGHTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

95. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

96. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

97. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

### NINTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

98. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
99. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).
100. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

 a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
 b. Awarding Plaintiffs unpaid overtime wages and unpaid wages;
 c. Awarding Plaintiffs unpaid minimum wages;
 d. Awarding Plaintiffs unpaid spread of hours compensation;
 e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
 f. Awarding Plaintiffs prejudgment and post-judgment interest;
 g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
 h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This ___ day of December, 2020.

_____
Roman Avshalumov, Esq. (RA 5508)
**Helen F. Dalton & Associates, PC**
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FREDY AREVALO IRAHETA, MARIANO GAITAN ZALAYA, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

IL BACCO RISTORANTE, INC., and JOSEPH OPPEDISANO, as an individual,

                Defendants.

## SUMMONS & COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
**Attorneys for Plaintiffs**
**80-02 Kew Gardens Road, Suite 601**
**Kew Gardens, NY 11415**
**Phone (718) 263-9591**
**Fax (718) 263-9598**

**To:**
**IL BACCO RISTORANTE, INC.**
253-24 Northern Boulevard
Little Neck, NY 11362.

**JOSEPH OPPEDISANO**
253-24 Northern Boulevard
Little Neck, NY 11362.